## McKELVEY v. BUELL.

No. 10141—Opinion Filed June 2, 1925.

1. **Appeal and Error—Review—Sufficiency of Evidence.**

Where the evidence reasonably tends to support the verdict of the jury, and the judgment of the court based thereon, same will not be disturbed on appeal, in the absence of reversible error.

2. **Negligence—Contributory Negligence—Lack of Primary Negligence.**

When the evidence fails to establish primary negligence on the part of the defendant, the question of contributory negligence on the part of the plaintiff is of no concern.

3. **Appeal and Error—Necessity for Injury—Counsel Conversing with Juror.**

The fact that counsel may engage in idle conversation with the jury or any member of the panel during the progress of the trial, while not commended by the court, does not constitute reversible error, unless shown to have some bearing either direct or indirect on the issues involved, prejudicial to the rights of the complainant.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Woodward County; J. C. Robberts, Judge.

Action by Hubert McKelvey, by N. O. McKelvey, guardian, ad litem, against Jesse Buell. Judgment for defendant, and plaintiff appeals. Affirmed.

Sherman Galbreth, H. B. King, S. M. Smith, and R. H. Nichols, for plaintiff in error.

Swindall & Wybrant, for defendant in error.

Opinion by JONES, C. This is an appeal from the judgment rendered by the district court of Woodward county, Okla., wherein the plaintiff in error, as plaintiff in the trial court, as next friend and guardian ad litem of his infant son, Hubert McKelvey, brought suit against the defendant, alleging that said minor was seriously injured by the negligence of the defendant, Jesse Buell, in that the said Jesse Buell drove his car against and over the body of the said Hubert McKelvey, which resulted in serious and permanent injuries.

Upon the trial of the case to the court and jury, the jury returned a verdict in favor of the defendant and against the plaintiff; motion for new trial was duly filed and overruled, and the appellant prosecutes this appeal from such order and judgment, and sets forth numerous specifications of error, but in his brief confines his argument almost exclusively to the error of the court in giving instructions complained of, and to the misconduct of the jury and counsel during the progress of the trial, and of the juror, Clifton, after rendition of the verdict.

The facts, as disclosed by the record, show that the defendant, Jesse Buell, had driven into the town of Vici for the purpose of taking his car, which he was driving, to the S. & C. garage for repair, and that when he arrived at a point opposite the front of the garage, being just beyond the center of the street, he stopped his car before driving into the door of the garage for the purpose

of letting another car pass which was traveling on the street, and then started his car up, and the way being clear entered the garage door, driving at a rate of speed of four to six miles per hour. Several persons were in the garage, and took notice of his arrival, and that he was driving his car into the door of the garage. The little boy, Hubert McKelvey, who was a little less than four years of age, who had entered the garage in company with his father, was playing with a toy wagon near the entrance of the garage into which Buell was driving his car, and as we understand the record, at the left of the door or entrance and out of sight of Buell, and when the car was about half way into the door or entrance, the child stepped immediately in front of same, was struck by the bumper, knocked down, and run over by the car, both wheels passing over the child's body. And while there is some conflict in the evidence as to just when the car stopped, the defendant and the person in the car with him testified that the car was stopped within six or eight feet of where the child was run over.

The plaintiff, among other allegations of negligence, alleges that the defendant, Jesse Buell, wore glasses, and that his eyesight was very defective, and that it was negligence on his part to drive a car, and also alleges that he gave no notice or warning on entering the garage. The evidence shows that he did wear glasses, and that he suffered with some defect of sight, but there is no proof sufficient to show that his sight was so defective as to render him subject to the charge of negligence for driving a car, by reason of his defective eyesight. There is no evidence that he blew or honked his horn or gave any special warning on entering the garage door, but that he did stop his car before entering the garage, and was driving his car at a reasonable rate of speed. These are purely questions of fact, and whether or not they constitute negligence in this case is a question for the determination of the jury, and while the verdict of the jury was general in its nature, it evidently found that the evidence was not sufficient to sustain the allegations of negligence in plaintiff's petition and we find that there was ample evidence in the case to sustain the verdict of the jury, which evidently is to the effect that the defendant was not guilty of negligence, and that the injuries complained of by the plaintiff, Hubert McKelvey, were not the result of any negligence on the part of the defendant. The trial court sustained the verdict of the jury,

in overruling the motion for a new trial, and, under the well established rules of this court, where there is evidence sufficient, or reasonably tending, to support the verdict of a jury and the judgment of the court based thereon, same will not be disturbed by this court on appeal.

The appellant very ably urges the proposition that the court committed error in giving certain instructions to the jury wherein the jury was instructed that if they found at the time of said injury that—

"Reasonable care and oversight was not exercised by the father of said child for his personal safety and you further find that such want of such reasonable care of said parent contributed to or directly assisted in bringing about the injury to the child, then the plaintiff cannot recover," etc.

And assigns numerous authorities in support of this contention that the charge of the court imputing the negligence of the parent to the child constitutes reversible error, and there seems to be a conflict of authorities on this rule of law. We, however, deem it unnecessary for us to pass on this question, as the question of contributory negligence is of no concern, in the absence of primary negligence on the part of the defendant. And, furthermore, this contention is without merit for the reason that the plaintiff alleged in his petition—

"That the said Hubert McKelvey, infant, then and there being was using all due care and diligence, said defendant then and there without cause or excuse and without fault of said infant, or his parent, ran said car against and struck said infant," etc.

This, we think, raises the issue of the negligence of the parent, and the case was tried upon this theory, and even though the question of contributory negligence was material in this cause, the plaintiff would not be heard in this court to complain of error committed in this particular by the court in giving an instruction on an issue raised by the pleadings of the plaintiff, and at the plaintiff's instance.

Appellant also insists that this case should be reversed on account of misconduct of the jury, and sets forth a number of affidavits which disclose that during a recess of the court, and while waiting for the return of an absent juror, one of plaintiff's counsel indulged in a jocular conversation with the jury concerning the absence of the juror and related an anecdote to the jury, the moral of which was that "large bodies moved slowly," the absent juror being a large man, and that during the conversation between

counsel and the jury, the juror, Clifton, re-marked, "Maybe he has got some of that white mule." Another affidavit is filed which shows that after the verdict was rendered by the jury the affiant met the juror, Clifton, in the post office in the city of Woodward, and inquired of him as to the nature of the verdict rendered in the McKelvey-Buell Case, whereupon the juror said, "We decided in favor of the farmer, the defendant." Another affidavit filed asserts that while one of counsel for defendant was addressing the jury that the affiant noticed that the jurors Clifton and Phillips were giving the attorney strict attention, and on the conclusion of this statement each of the said two jurors turned his face towards the other and gave "expressions of satisfaction as to this statement," referring to a statement made by counsel during the argument that the child had no business in that garage but ought to have been at home where he belonged. Other affidavits are filed, calling attention to matters somewhat similar in their nature to the affidavits heretofore called attention to but the verdict of a jury cannot be impeached in this manner, and while there may be some impropriety in counsel conversing with the jury or members of the jury, during the trial of cases, and jurors should refrain from giving expressions of their views in any manner, but such conduct does not necessarily result in prejudicial error, and especially is this true where the conduct complained of takes place in open court, and in the presence of the court and all parties concerned, unless it can be shown that some prejudice has resulted by reason of such conduct. The record also fails to disclose that exceptions were taken to the conduct complained of.

The one question, however that is decisive of the rights of the parties to this litigation is the failure of the plaintiff to prove primary negligence on the part of the defendant, and it is evident that the verdict of the jury was based on that fact, hence the errors complained of, if in fact error, would not entitle the appellant to a reversal of the case, and we therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853. (2) 29 Cyc. p. 506. (3) 4 C. J. p. 957.